# THE STATE v. ELLA KYLE, Appellant.

### Division Two, November 17, 1903.

1. **Motion For New Trial: APPELLATE PRACTICE.** Questions not raised in the motion for new trial are not the subject of review on appeal.

2. **Defendant as Witness: CROSS-EXAMINATION.** Where defendant has not testified on direct examination that he cut the prosecuting witness with a razor, it is not proper to ask him on cross-examination where he procured the razor with which the cutting was done.

3. **Mayhem: SLITTING THE EYE: INFORMATION: SURPLUSAGE.** The word "slit," as used in the statute (sec. 1846, R. S. 1899) defining mayhem, has no reference to the eye, but applies solely to the nose and lips. But where an information charging mayhem alleges the "slitting" of both the eye and the nose, the averment as to the eye may be regarded as surplusage, and the information held good as to the "slitting" of the nose.

4. **Instruction: BROADER THAN INFORMATION.** An instruction in a criminal case can not be broader than the allegations in the indictment or information; and a material defect in an information or an indictment can not be supplied by an instruction. An instruction is erroneous which submits to the jury the question as to whether defendant put out the eye of the prosecuting witness when there is no such averment in the information.

Appeal from Moniteau Circuit Court.—*Hon. Jas. E. Hazell*, Judge.

REVERSED AND REMANDED.

*Edmund Burke* and *John Cosgrove* for appellant.

(1) It was error to permit counsel for the State to ask defendant, when she was being cross-examined, where she got the razor with which she cut Bert Christian. Defendant was not interrogated during her examination in chief, about the razor or anything pertaining

to it. State v. Patterson, 88 Mo. 91; State v. Chamberlain, 89 Mo. 133; State v. Fullerton, 90 Mo. App. 411; State v. Hudspeth, 150 Mo. 31; State v. Hathhorn, 166 Mo. 239. (2) The language of the statute is, "put out an eye," the charge is, "eye was cut and slit," not "put out." The State should not have been permitted to allege that Bert Christian's "eye was cut and slit" and then to prove that the sight of the eye was destroyed. Her eye might have been "cut and slit" but not "put out." State v. Mitchell, 25 Mo. 420; State v. Owens, 73 Mo. 440; State v. Ballard, 104 Mo. 634.

*Edward C. Crow*, Attorney-General, and *C. D. Corum* for the State.

(1) The statute does not contemplate that the cross-examination of the defendant must be confined to a mere categorical review of the matters stated in the direct examination. In this case, the examination was confined to the "subject of the examination-in-chief," and was therefore proper. Our statute permits an examination of the defendant about any matter "referred to in his examination-in-chief." R. S. 1899, sec. 2637; State v. Avery, 113 Mo. 475; State v. McLaughlin, 149 Mo. 19; State v. Miller, 156 Mo. 85; State v. Fisher, 162 Mo. 169. (2) (a) Appellant urges that the State should not have been permitted to allege that the eye was cut and slit and under that allegation to prove that the sight of the eye was destroyed. Sufficient answer to this objection is the fact that no such objection was interposed at the trial. If the eye was slit, it was severed in twain. If cut in two, it was put out, and while the language of the information is not in the language of the statute, the charge is set forth with substantial accuracy and reasonable certainty and that is all the law requires. It is not necessary to use the particular words of the statute. State v. Mills, 146 Mo. 195; State v. Watson, 65 Mo. 115. (b) But conceding

for the purpose of argument, that it was absolutely essential for the information to charge that the eye was put out, in order to constitute the offense of mayhem, under' that clause of the statute. That portion may be rejected as surplusage. The charge in reference to the injured eye may be eliminated and the information contain the charge of mayhem by slitting and cutting the nose, in the language of the statute, and the proof sustains that charge.

BURGESS, J.—Under an information lodged with the clerk of the circuit court of Moniteau county by the prosecuting attorney of the said county, under his official oath, charging that the defendant Ella Kyle, in and upon one Bert Christian, unlawfully and feloniously, on purpose and of her malice aforethought, did make an assault, and that said Ella Kyle, with a razor the nose of the said Bert Christian and the eye of the said Bert Christian, on purpose and of her malice aforethought, then and there unlawfully and feloniously did cut and slit, with intent, her, the said Bert Christian, then and there to maim and disfigure—defendant Kyle was convicted and her punishment fixed at two years' imprisonment in the penitentiary.

After unavailing motions for new trial, and in arrest, she was duly sentenced in accordance with the verdict, and from this judgment she appealed.

The salient facts are about as follows:

Bert Christian and the defendant Kyle are both negroes, and at the time of the difficulty out of which this prosecution arose, resided in California, Missouri. At that time the defendant owned a vacant house in that town, near which Bert Christian lived. Temple W. B. F. Lodge had rented the house to hold a festival in, and for that purpose Bert Christian had loaned the lodge her tableware, lamps, table, etc. The festival was held, but the articles loaned were not removed for sev-

eral days, and when Christian went after them a dance was being held in the house. She, however, went into the house, packed her dishes in two baskets, and when about to remove her lamp, which was lighted, the defendant extinguished the light. A match was, however, secured and the lamp relighted and removed. The removal of the lamp by Christian seemed to anger the defendant, who then went to her house, made all sorts of accusations against the prosecuting witness, and dared her to come forth, which she did, and a collision between them occurred, during which defendant struck her antagonist with a razor, cutting her nose and striking her eye by reason of which its sight was destroyed. The evidence on behalf of the defendant tended to show that at the time Christian was struck, she had one hand concealed beneath her clothes, and was striking defendant with the other. The defendant also testified that her motive in going to the house of Christian was to advise her that she intended to leave the next day for St. Louis, and that she should remove her table from the house before it was finally closed.

At the close of the evidence defendant prayed the court to declare the law to be that under the information and the evidence the defendant could not be convicted and the jury should acquit, which the court declined to do and she duly excepted.

The court then, over the objection of defendant, gave the jury a number of instructions with respect to the law and evidence of the case, of which that numbered one is as follows:

"The court instructs the jury that if they believe from the evidence that the defendant, Ella Kyle, on the 30th day of September, 1901, in the county of Moniteau and State of Missouri, unlawfully, feloniously, on purpose and with malice aforethought assaulted Bert Christian with a razor, and on purpose and with malice aforethought, unlawfully and feloniously, then and there did cut the nose and put out the eye of the said

Bert Christian, with intent thereby to maim and disfigure the said Bert Christian, as charged in the information, then the jury will find the defendant guilty and assess her punishment at imprisonment in the penitentiary for a period of not less than two years or more than twenty-five years.''

It is insisted by defendant that certain remarks made by the attorney representing the State while addressing the jury were improper, and prejudicial to her rights and, although objected to at the time, no ruling was made by the court with respect thereto. But no such point was made in the motion for new trial, hence it is not the subject of review on this appeal. [State v. Gilmore, 110 Mo. 1; State v. Alred, 115 Mo. 471, and authorities cited.]

It is said for defendant that the court erred in permitting the State, over her objection, to ask her on her cross-examination as a witness where she got the razor with which she cut Bert Christian. The defendant had not testified to anything which justified such an inquiry unless it was the fact that she testified, in answer to a question propounded to her by her own attorney, that she had another difficulty with the prosecuting witness about a week before the night she cut her, and this we think did not do so. It must therefore follow that, as the defendant had not testified that she cut the prosecuting witness with a razor, it was improper to ask where she got the razor with which she did the cutting. [Sec. 2637, R. S. 1899; State v. Hathhorn, 166 Mo. 229, and authorities cited.] But the defendant having admitted that she did cut Bert Christian with a razor, it was immaterial where she got it, and the judgment should not be reversed upon that ground, for it seems impossible that she could have been prejudiced by such evidence.

It is claimed by defendant that the information is invalid for the reason that it charges that the nose and eye of Bert Christian were cut and slit, and that in

order to constitute a valid charge under the statute, it should have alleged that the eye was put out. The statute (sec. 1846, R. S. 1899) provides, that every person who shall, on purpose and of malice aforethought, put out an eye, or slit, cut or bite off the nose or lip of another with intent to kill, maim or disfigure such person, shall be adjudged guilty of mayhem. It will be observed that in so far as the eye is concerned, the averments in the information are not in the language of the statute, but instead of alleging that defendant put out the eye of the prosecuting witness, Bert Christian, it merely alleges that she slit it, an entirely different thing; as to the nose, however, it does allege an assault—''and the said Ella Kyle with a razor the nose of the said Bert Christian and the eye of the said Bert Christian, did cut and slit with intent,'' etc.

The words, ''*or slit*,'' as used in the statute have no reference whatever to the eye, but apply solely to the nose and lips. Therefore, in so far as the eye is concerned, the information is unquestionably bad; but with respect to this offense, all averments may be regarded as surplusage and the information held good as to the nose which it does substantially allege in the language of the statute that defendant did cut and slit.

But instruction numbered one, given by the court, is clearly erroneous, because it submitted to the jury the question as to whether defendant did put out the eye of said Bert Christian, when there is no such averment in the information, hence, no such issue before the jury.

It is too well settled for discussion that an instruction in a criminal case can be no broader than the allegations in the indictment or information. Nor can a material defect in such an instrument be supplied by an instruction. Our Bill of Rights forbids such a result.

The demurrer to the evidence should have been given. We express no opinion upon other instructions in the case.

For these intimations the judgment is reversed and the cause remanded.