THE STATE v. GLEN EDELEN, Appellant.

Division Two, May 26, 1921.

1. **RAPE: Cross-Examination of Defendant: Extrinsic Matters.** Where defendant, in a prosecution for rape, had testified in chief, in regard to his association with the prosecutrix on several occasions preceding the time of the alleged rape and had also testified that on the night in question he had left the main road while returning from a picture show, where he had been with the prosecutrix, because it had been freshly worked and travel thereon was difficult and that he and prosecutrix stopped on the way and he had sexual intercourse with her while he was upon his knees in the front part of the automobile, but that he did not force her, it was very prejudicial to defendant's rights and was reversible error for the trial court to permit the State to exhibit to the defendant, in the presence of the jury, the clothing worn by the prosecutrix on the night in question and to cross-examine the defendant in relation thereto and also in relation to certain marks said to have been upon various parts of the body of the prosecutrix, none of these matters having been testified to by defendant in chief and the truth of some of them being assumed in the State's question, although there was evidence contradicting some of these assumed facts and the defendant was standing upon the general issue. [DAVID E. BLAIR, J., dissenting.]

2. ———: **Striking Out Evidence: Conclusion of Witness.** In a prosecution for rape, where a physician had testified in chief, at the instance of the State, that he noticed some discolorations of pro-

secutrix's clothing, it was error for the trial court to refuse to strike out his answer to a question as to what under his opinion made these discolorations that he "thought she had been mistreated," as this was a mere conclusion of the witness and defendant was not bound to anticipate such an answer being given.

3. ————: Instructions: Comment on Evidence. In a prosecution for rape, it was error for the trial court at the instance of the State, to instruct the jury that in determining whether or not the defendant forcibly ravished the prosecutrix they might take into consideration the physical strength, ability and power of the prosecutrix and the defendant at the time of the alleged offense, the physical condition of the prosecutrix and the condition of her clothing immediately after the time it was charged the act complained of was committed, together with all the testimony and other facts and circumstances in the case, because such instruction was a palpable comment on a portion of the evidence and was in violation of Section 4038, Revised Statutes 1919, and unduly emphasized certain facts in evidence.

Appeal from Clark Circuit Court.—*Hon. N. M. Pettingill,* Judge.

REVERSED AND REMANDED.

*J. A. Whiteside, T. L. Montgomery* and *Perry S. Rader* for appellant.

(1)   The information in this case was insufficient. State v. Coleman, 186 Mo. 151; State v. Minor, 193 Mo. 597, 604; State v. Atchley, 186 Mo. 197; State v. Dawson, 187 Mo. 601. (a) In its concluding clause the prosecuting attorney does not charge that the information is made "upon his oath." (b) An indictment for murder is fatally defective unless it contains a conclusion. 22 Cyc. 243; 14 R. C. L. p. 163, sec. 12; State v. Stacy, 103 Mo. 15; State v. Ulrich, 96 Mo. App. 691; State v. Wilson, 143 Mo. 334; State v. Rector, 126 Mo. 330, 341; State v. Cline, 264 Mo. 418. (c) The constitution requires that an indictment must have a conclusion. Art. 6, sec. 38; State v. Stacy, 103 Mo. 15. (2) The information in this case was not sworn to by the prosecuting attorney,

nor by any other person. It was therefore no information, performed no function, was a mere "scrap of paper," did not conform to the law and should have been quashed as requested by defendant upon his motion to quash timely filed. Secs. 3849, 3850, 3851, R. S. 1919; State v. Brown, 181 Mo. 225; State v. Bonner, 178 Mo. 424; State v. Hicks, 178 Mo. 433; State v. Schnettler, 181 Mo. 187; State v. White, 55 Mo. App. 359. (a) The question that the information "is not verified by the prosecuting attorney, or any one else" and that "it is not verified as the law directs" was raised by a motion to quash, which it set out on page six of the printed abstract. That was the proper way to raise the question. State v. Bonner, 178 Mo. 424; State v. Hicks, 178 Mo. 445; State v. Brown, 181 Mo. 229. (b) There was a separate affidavit of Golda Hoffeditz filed with the clerk of the circuit court, and the information states that it is based "upon the affidavit of one Golda Hoffeditz, herein filed." But that is not sufficient. The information is not sworn to, and in order to be a sufficient information it must be sworn to by some one. This court has really never passed upon this question. (3) The defendant was cross examined by counsel employed to assist the State upon matters not brought out or referred in his examination in chief all against defendant's objection at the time. This is reversible error. R. S. 1919, sec. 4036; State v. Sharp, 233 Mo. 284; State v. Grant, 144 Mo. 56; State v. Bell, 212 Mo. 111; State v. Hathorn, 166 Mo. 229; State v. Hudspeth, 150 Mo. 31; State v. Byle, 177 Mo. 659; State v. Pfeifer, 267 Mo. 23; State v. Swearengen, 269 Mo. 185. (4) The answer of Dr. Bridges that he thought from an examination of prosecutrix's garments that "she had been mistreated" was a mere conclusion of the witness, and prejudicial error. This answer could not have been apprehended by defendant's counsel. It was a conclusion that the witness thought the charge in the information was true. The State was endeavorng to prove that prosecutrix had been mistreated. The answer would not have been more dam-

aging if the witness had testified: ''I thought she had been forcibly ravished. It assumed to decide for the jury the very fact which the law required them alone to decide. The question did not suggest the answer, and the court erred in not striking it out. State v. Evans, 267 Mo. 164. (5) The sixth instruction given for the State is a clear comment on the evidence and the giving of it is a violation of the statute, and reversible error. R. S. 1919, sec. 4038. (a) It is but a comment upon the facts and directs the minds of the jurors to such facts, giving them prominence and invades the province of the jury, against the direct command of the statute. R. S. 1919, sec. 4038; State v. Homes, 17 Mo. 380, 382; State v. Gates, 20 Mo. 404; State v. Reed, 137 Mo. 138; State v. Grugin, 147 Mo. 55, 56; State v. Higgerson, 157 Mo. 401. (b) It assumed material facts, in issue, to be true, thus invading the province of the jury, as to the comparison of the physical strength of the prosecutrix and the defendant, the condition of the clothing·in evidence, and should have been refused for that reason. State v. Dillihunty, 18 Mo. 331, 332; State v. Marsh, 171 Mo. 523, 529; State v. Bonner, 178 Mo. 432; State v. Langley, 248 Mo. 554; State v. Mills, 272 Mo. 534; State v. Hilber, 149 Mo. 485.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

(1) The information contains a sufficient charge of rape. State v. Goodale, 210 Mo. 282; State v. Martin, 195 S. W. 732. (2) The motion to quash was properly overruled. The information is verified as required by. law. (a) The information is supported by a sufficient affidavit, filed therewith, of a person competent to testify in the case. Sec. 3849, R. S. 1919; State v. Lawhorn, 250 Mo. 304; State v. Stewart, 274 Mo. 655; State v. Schnettler, 181 Mo. 185. (b) The information shows on its face that it is predicated upon the affidavit of such person. State v. Schnettler, 181 Mo. 185; State

v. Hunter, 181 Mo. 339. (3) Appellant's demurrer to the evidence at the close of all the evidence in the case was properly overruled. There was substantial evidence to sustain the information. State v. Wooley, 215 Mo. 687; State v. Hardelin, 169 Mo. 585; State v. Concelia, 250 Mo. 420; State v. Taylor, 261 Mo. 228.

RAILEY, C.—On November 25, 1919, the Prosecuting Attorney of Clark County, Missouri, filed with the clerk of the circuit court, in vacation, an information, which, omitting caption, reads as follows:

"Now comes James H. Talbott, Prosecuting Attorney, within and for the county of Clark, and State of Missouri, basing his information upon the affidavit of one Golda Hoffeditz, herein filed, gives the court to understand and be informed that one Glen Edelen, on about the 24th day of August, 1919, at and in the county of Clark and State of Missouri, in and upon one Golda Hoffeditz, unlawfully, violently and feloniously, did make an assault, and her, the said Golda Hoffeditz, then and there unlawfully, forcibly, and against her will, feloniously did ravish and carnally know.

Statement.

"Contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State.

"JAMES H. TALBOTT,
Prosecuting Attorney with and for
the county of Clark and State of
Missouri."

The affidavit, mentioned in the information, without caption, reads as follows:

"Golda Hoffeditz, being duly sworn on her oath states that one Glen Edelen, on or about the 24th day of August, 1919, at and in the county of Clark and State of Missouri, in and upon one Golda Hoffeditz, unlawfully, violently and feloniously, did make an assault, and her, the said Golda Hoffeditz, then and there unlawfully, forcibly, and against her will, feloniously did ravish and carnally know.

"Contrary to the form of the Statutes in such cases made and provided against the peace and dignity of the State.

"GOLDA HOFFEDITZ,

"Subscribed and sworn to before me this 17th day of November, 1919.

"JAMES M. WADMORE,
Clerk of the Circuit Court of
Clark County, Missouri."

On December 1, 1919, defendant filed a motion to quash said information, which was overruled by the court.

On December 3, 1919, defendant was arraigned, and entered a plea of not guilty.

On December 3, 1919, appellant was placed on trial before a jury.

The State's Evidence, in a general way, tended to show the following facts:

Prosecutrix, Golda Hoffeditz, 19 years of age, lived with her parents on a farm. Appellant, 22 years of age, lived with his mother on a farm about two miles and a half distant from the said prosecutrix. Both lived in the vicinity of the town of Revere, Clark County, Missouri. On the night of August 23, 1919, appellant, in a Ford touring car, took prosecutrix to Farmington where they attended a picture show. They left Farmington on their trip homeward about eleven o'clock p. m., returning the same route they had gone until they reached the town of Anson at which place appellant grabbed the wheel and turned into another and different route which was hilly and not much travelled and on which route there were few, or no houses and which led through, along and over private ways and a road that was narrow with brush on either side. Here, according to the testimony of prosecutrix, appellant stopped the car, and while in the front part of said car forcibly ravished prosecutrix. He then took prosecutrix to her home arriving there about two-thirty a. m., August 24. Here appellant left prosecutrix at the gate continuing on to his home.

When they got to the gate at prosecutrix's home, appel-asked her if he could come back and prosecutrix answered, "Try it if you want to get run off the place." Appellant said if he could not come back he wanted his ring; whereupon prosecutrix returned his ring, received from appellant her ring and went upstairs and called her mother. She informed her mother of appellant's treat-ment of her and exhibited her torn and blood-stained clothing and wounds she sustained. When prosecutrix came down stairs to breakfast that morning she made complaint to her father. She didn't eat any breakfast. The testimony showed that she had a scratch on her chest, mark across her back and stomach, her arms were red from her wrists to her elbows. There was a mark on her wrist and her knees were discolored. Her private parts bore bruises. Dr. McConnell, the family physician, was called the afternoon of August 24, and made an examination of prosecutrix. He, in company with Dr. Bridges, made an examination of her later in the day. Dr. McConnell testified that he found a discoloration on her back; that she complained of tenderness of the chest and knees; that he had theretofore treated her for the flu which left her in a nervous condition; that he saw no discoloration about her private parts that would indicate that anything had happened; that there was some lacer-ation of the female organs and a slight bloody secretion. Dr. Bridges testified that prosecutrix had some marks on her body; that a mark on her knee had begun to discolor; that there was a scratch on her shoulder; that her foot was bruised; that her private parts were tender with the serum mucus coming from the vagina.

The testimony, on the part of appellant, was to the effect that on several occasions shortly preceding the night of August 23, 1917, he had taken prosecutrix to Farmington, sometimes alone with her, at other times in company with his brother and sister of his deceased wife; that on these occasions appellant and prosecutrix would ride with their arms about each other and would stop and "visit" on the way; that on these occasions

he would have his arms around prosecutrix, feeling her body; that she would sit in his lap and permit him to hug and kiss her. Appellant admits that on the night of August 23, in returning home from Farmington, he left the main road at Anson, because it had been freshly worked and made travel thereon difficult. He testified that he and prosecutrix stopped on the way and that he had sexual intercourse with her while he was upon his knees in the front part of the car, but that he did not force her. The testimony further shows that at this time prosecutrix weighed about 93 pounds and appellant about 160 pounds.

Such other parts of the testimony, the instructions, rulings of the court, etc., as may be deemed necessary or important, will be considered in the opinion.

On December 4, 1919, the jury found defendant guilty and assessed his punishment at imprisonment in the penitentiary for twenty-five years. Defendant, in due time, filed his motions for a new trial and in arrest of judgment. Both motions were overruled, and on the following day, the court rendered judgment and passed sentence upon appellant in conformity to the terms of the verdict. Thereupon defendant duly appealed the cause to this court.

1. On December 1, 1919, appellant filed his motion to quash the information heretofore set out, upon four grounds, two of which, read as follows:

"1. Because the information is not verified by the prosecuting attorney, or anyone else.

"2. Because the information is not based upon the official oath of the posecuting attorney." . . .

The information was not sworn to by either the prosecuting attorney or any other person. It *purports* on its face to, to be *based* on the affidavit of Golda Hoffeditz, which contains substan-

Information:
Verification.

tially the same facts as are set out in the information. The affidavit of the prosecutrix *supra,* was sworn to and filed with the in-

formation.   The sufficiency of the latter, is proper-
ly challenged by the motion to quash.   It is stren-
uously insisted by appellant, that the trial court com-
mitted reversible error in overruling his motion to quash
said information.   We will postpone a consideration of
this subject, until we determine whether it is necessary
to reverse and remand the cause for a new trial upon
some other ground.   If it should become necessary to
reverse and remand the case, the subject-matter of above
complaint can be obviated by the filing of an amended
information covering the foregoing objection.

II.   Appellant assigns as error, the action of the
court in overruling his challenge, as to the qualification
of certain jurors to sit in the trial of the case.   This
proposition, like the preceding one, would not
Challenges probably arise upon a re-trial of the cause and,
to Jurors. hence, will be postponed until other questions,
hereafter mentioned, are determined.

III.   Appellant earnestly contends, that with the
sanction of the trial court, his constitutional and statu-
tory rights were ruthlessly stricken down by counsel
employed to assist the State, who compelled him, under
the ruling of the court, and against his protest, to
testify before the jury, as to prejudicial matters not
brought out or referred to in his examination in chief.
We were much impressed with the se-
Cross-Examination riousness and importance of this charge,
of Defendant. at the oral argument in this court, and
will endeavor to set out the substance of the testimony,
with the rulings of the court, in respect to this matter,
while considering same.

While the prosecutrix was upon the stand, the clothes
and underclothes, which she claims to have worn, were
produced before the jury, each item identified, some of
which were torn, and some had spots on them.

The cross-examination of defendant was conducted
by Mr. Hartzell.   The first three pages of same, taken
literally from the transcript on file, read as follows:

State v. Edelen.

"Q.  Do you know how the prosecuting witness got that black and blue mark six inches long and half an inch wide on her back.

"Defendant's counsel objects because this is the defendant and there was no evidence about it in his examination in chief.

"By the Court:  The objection is overruled.

"To the overruling of which objection defendant's counsel did then and there at the time duly except and saves herein his exception.

"Q.  Do you know how that black and blue mark on the back of the prosecuting witness about 6 inches long and from a half to an inch wide got there?  A.  No, sir.

"Q.  You don't know how she got that?  A.  I do not

"Q.  Do you know anything about a scratch on her breast?  A.  No, sir.

"Q.  You don't know how she got that,  A.  No, sir.

"Q.  Do you know about the mark on her foot? A.  No, sir.

"Q.  Do you know how she got that?  A.  No, sir.

"Q.  Do you know anything about the mark on her knee?  A.  No, sir.

"Q.  Do you know how she got that?  A.  No, sir.

"Q.  Did you ever see those clothes before?  A.  Yes, sir.

"Q.  Where did you see them last?  A.  On Goldie Hoffeditz.

"Defendant's counsel objects because this is the defendant, and was not examined about it.

"By the Court:  The objection is overruled.

"To the overruling of which objection defendant's counsel did then and there at the time duly except and saves herein his exception.

"Q.  Look at the garment I now show you as spoken of as the dress of the prosecuting witness did she have that on that night?  A.  She did.

"Q.  Do you know anything about that hole in the dress?  A.  No, sir.

"Q. Look at the garment called the skirt—did you see that that night?

"Defendant's counsel objects because this is the defendant and for the same reasons.

"By the Court: The objection is overruled.

"To the overruling of which objection defendant's counsel did then and there at the time duly except and saves herein his exception.

"A. Yes, sir.

"Q. Look at the garment spoken of as the skirt—did you see that that night?

"Defendant's counsel objects because this is the defendant, and for the same reasons.

"By the Court: The objection is overruled.

"To the overruling of which objection defendant's counsel did then and there and at the time duly except and saves herein his exception.

"A. No, sir.

"Q. Did you know of that condition that night? A. No, sir.

"Q. Did you see it that night? A. No, sir.

"Q. Look at the garment known as the drawers in the record—have you seen that before?

"Defendant's counsel objects because this is the defendant, and for the same reasons.

"By the Court: The objection is overruled.

"To the overruling of which objection defendant's counsel did then and there at the time duly except and saves herein his exception.

"A. No, sir.

"Q. Feel of them and see if you ever felt them that night?

"Defendant's counsel objects because this is the defendant, and for the same reasons.

"By the Court: The objection is overruled.

"To the overruling of which objection defendant's counsel did then and there at the time duly except and saves herein his exception.

"A. Yes, sir, I probably did."

Practically all of that part of the cross-examination above quoted, including the clothes exhibited in connection with same, *related to matters which had not been brought out or referred to in chief.* In addition thereto, the *truth* of the matters referred to in said questions, was assumed, although defendant was standing upon the general issue, and with some evidence contradicting some of the assumed facts. By way of illustration, the first question above quoted, reads:

"Q. Do you know how the prosecuting witness got that black and blue mark six inches long and a half an inch wide on her back?"

This question improperly related to matters not referred to in chief and it *assumed* that the alleged marks upon the body of prosecutrix *existed,* in the face of the general issue pleaded by defendant.

The evidence, in regard to the matters above referred to, had been placed before the jury in detail. It is evident from the dramatic way in which the above questions were propounded, and the answers obtained, with the sanction of the court, that they were very *pre judicial* to the rights of defendant, and had much to do with the *extent* of the punishment in this case. We feel constrained to observe, after reading the above examination, that the questions propounded, were *intended* to browbeat and discredit defendant before the jury, and evidently had the desired effect. The foregoing cross-examination of defendant, in respect to matters not brought out or referred to in his direct examination, was not only prejudicial, but in direct conflict with our Organic and Statutory law. [Section 23 of Art. 2, Constitution; Section 4036, R. S. 1919; State v. Drew, 213 S. W. 106-7; State v. Bowman, 272 Mo. l. c. 501, 199 S. W. 161; State v. Goodwin, 271 Mo. l. c. 81, 195 S. W. 725; State v. Swearengin, 269 Mo. l. c. 185, 190 S. W. 268; State v. Pfeifer, 267 Mo. l. c. 30, 183 S. W. 337; State v. Kyle, 177 Mo. 659, 76 S. W. 1014.] The above cross-examination of defendant was not only *improper,*

but the dramatic manner in which the prosecutrix's clothes were paraded before the jury as a part of this improper cross-examination, was well calculated to intensify a feeling of prejudice against appellant.

IV. Appellant complains of the ruling of the trial court in refusing to strike out a part of the testimony of Dr. Bridges. The latter testified in chief, Striking Out at the instance of the State, that he noticed dis-Evidence. coloration on some of prosecutrix's clothing. The following then occurred:

"Q. Under your opinion, what made those discolorations on those garments? A. *I thought she had been mistreated.*" (Italics ours.)

The court, thereupon, overruled defendant's motion to strike out the above answer, as simply a conclusion of the witness.

While the question, as asked, might properly have been objected to on the ground that the answer of the witness would be an invasion of the province of the jury, yet, the defendant was not bound to anticipate, that the witness, in answering the question, would, in legal effect, give it as his opinion that defendant had *raped* the prosecutrix. Under the circumstances, the trial court should have sustained defendant's motion to strike out said answer.

V. Appellant complains of the action of the cou.'t in giving to the jury at the instance of the State, instruction numbered 6, which reads as follows:

"The court instructs the jury *that in determining whether or not the defendant forcibly ravished the prosecuting witness you may take into consideration the physical strength, ability and power of the* Instruction: *prosecuting witness and the defendant at the* Comment on Evidence. *time of the alleged offense, the physical condition of the prosecuting witness and the condition of her clothing immediately after time it is charged the act complained of was committed,* together

with all the testimony and other facts and circumstances in the case.'' (Italics ours.)

The foregoing instruction, is a palpable comment on a portion of the evidence given in behalf of the State. Why should the court emphasize the fact that the jury ought to consider the physical strength of defendant and the prosecutrix, as well as the latter's clothing, etc., leaving in the background, the substantial evidence tending to show that the prosecutrix, at the preliminary trial, testified to a different state of facts from what her evidence disclosed at the trial? Why was it necessary for the court to call especial attention to the matters aforesaid, and yet fail to advise the jury to consider the conduct of the prosecutrix while with defendant on *prior* occasions? Instruction 8, given in behalf of defendant, properly advised the jury to consider *all* the facts in evidence. This was sufficient, without emphasizing the above facts, as indicated in said instruction. The giving of same, was not only unfair to defendant and a violation of our statute (Sec. 4038, R. S. 1919), but in contravention of the law, as declared in numerous decisions of this court, some of which are as follows: State v. Adkins, 225 S. W. l. c. 982-3; State v. Fish, 195 S. W. l. c. 998; State v. Malloch, 269 Mo. l. c. 239, 190 S. W. 266; State v. Rogers, 253 Mo. l. c. 412, 161 S. W. 770; State v. Shaffer, 253 Mo. l. c. 337, 161 S. W. 805; State v. Mitchell, 229 Mo. l. c. 697, 129 S. W. 917; State v. Rutherford, 152 Mo. l. c. 133, 53 S. W. 417; State v. Reed, 137 Mo. l. c. 139, 38 S. W. 574; State v. McCanon, 51 Mo. 160.

In State v. Adkins, 225 S. W. l. c. 982-3, we reversed and remanded the cause on account of the giving of an instruction very similiar to the one above mentioned.

VI. Other matters have been briefed by appellant's counsel, including the validity of the information, etc., but as these questions are not likely to arise on a re-trial of the case, we have not deemed it necessary to pass upon same.

State v. Edelen.

On account of the errors heretofore pointed out, the cause is reversed and remanded for a new trial. *White* and *Mozley, CC.*, concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur; *Blair* and *Walker, JJ.*, in separate opinions.

DAVID E. BLAIR, J. (concurring).—I am unable to agree with the conclusion reached in paragraph three of the majority opinion. In the statement of facts it appears that defendant had testified that he and the prosecutrix stopped on the way home and that he had sexual intercourse with her, but did not force her. With this admission from defendant it was proper to ask defendant for an explanation of the condition of the body of prosecutrix and ·of the clothing which she testified she wore on the night of the alleged assault. The questions may be objectionable on the ground that they assumed the truth of the matters referred to therein, but no such objections were made thereto by defendant. The objections made were that the various questions were improper cross-examination of the defendant.

Cross-Examination of Defendant.

Even though the defendant had not been asked in direct examination to explain the condition of prosecutrix and her clothes, if the bruises were received by her and her clothes were torn at the time of the alleged assault, such facts tended strongly to contradict defendant's testimony that prosecutrix willingly yielded to him. As was said in State v. Foley, 247 Mo. l. c. 638, "Can he be asked by his counsel '*to tell what happened there;*' actually tell part of it, and then take refuge in the statutory privilege? We think not. The State need not categorically follow what was said in his chief examination."

I agree with the conclusions reached in paragraphs four and five of the majority opinion and therefore concur in the result reached by the learned Commissioner.

WALKER, J. (concurring).—I concur in the majority opinion with the modification that it should hold that the motion to quash the information was properly overruled. Although neither the affidavit of the prosecuting attorney, nor the prosecuting witness was endorsed on the information the latter alleges
**Information: Verification.** that it was based upon the affidavit of the prosecuting witness which was filed with the clerk and is to the same effect as the information. This procedure constitutes a sufficient compliance with the requirements of Sections 3849 and 3850, Revised Statutes 1919, and has met with the approval of this court in State v. Schnettler, 181 Mo. 175, 185.