**STATE of Missouri, Respondent,**

v.

**Lloyd Eugene SHANNON, Appellant.**

**No. 52471.**

Supreme Court of Missouri,
Division No. 2.

April 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Thomas J. O'Brien, Sp. Asst. Atty. Gen., Kansas City, for respondent.

J. Whitfield Moody, Sloan Richard Wilson, Kansas City, for appellant.

BARRETT, Commissioner.

Upon a charge of robbery in the first degree a jury found the appellant Lloyd Eugene Shannon guilty and fixed his punishment at ten years' imprisonment. Very briefly as the jury could and did find the facts, about 2 o'clock on the afternoon of November 30, 1964, two unmasked Negroes, the appellant Shannon and an older man, one with a sawed-off shotgun and the other with a .38 caliber revolver, entered the second floor office of Household Finance Company at 3102 Troost and after forcing several employees to lie upon the floor took $195.95 in cash. The appellant

was identified as the one who repeatedly urged the other, when the manager was slow in opening the safe, to "Shoot him, shoot him." One of the employees, Judith Denyer, was on the floor and the appellant "tapped me on the leg. I got up and went to the cash drawer to get the money, and then the older man took over." As the robbers were leaving the Wirthman Building the assistant manager saw the appellant drop and then pick up his pistol from the floor and walk out. The manager followed the robbers and when they got in a 1957 white-over-yellow Mercury automobile, took the license number (1964 Kansas license, Wyandotte 46804). Less than two hours later, the defendant driving the Mercury (his brother-in-law's) and two others were arrested. A sawed-off shotgun, a .38 caliber pistol and money were found in the car and Shannon was positively identified as the pistol-wielding robber.

Throughout the trial of his cause and here the appellant has been represented by counsel for the Legal Aid and Defender Society of Kansas City. His counsel has briefed the single claim that "the court erred in permitting the prosecuting attorney, over the objections of the defendant, to argue the degree of punishment the jury should impose upon the defendant." What counsel means is that in its opening argument the state did not mention the punishment that should be inflicted but waited until the closing argument, too late for defense counsel to reply or answer and then over defense counsel's objection vigorously argued for a penalty of at least 25 years' imprisonment. The criminal rule (26.02 (7)), V.A.M.R., and statute (RSMo 1959, § 546.070(5)) governing the order of trial do not spell out just what one must or must not argue and when, and there is no point to considering the matter here. The insuperable difficulty with appellant's contention here is that there is no assignment of error in his motion for a new trial relating in any manner to the subject of argument and therefore it is not an open question in this court. State v. Sanchez, Mo., 269 S.W. 2d 46; State v. Samis, 296 Mo. 471, 246 S. W. 956; State v. Kyle, 177 Mo. 659, 76 S. W. 1014. This is not an instance of a lack of specificity or of detail in spelling out an assignment of error (State v. Cooley, Mo., 387 S.W.2d 544) as called for by both rule and statute (Criminal Rule 27.20; RSMo 1959, § 547.030), it is a complete absence or omission from the motion for a new trial, raised only and for the first time in appellant's brief and that does not present a reviewable question. State v. Kelly, Mo., 258 S.W.2d 611, 612. This is not an instance of such manifestly inflammatory argument as to demand action even without objection at any level (State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524), it may be that the prosecutor should disclose the points on which he relies and thus give his adversary a fair opportunity to answer (23A C.J.S. Criminal Law § 1089, p. 125), but at some stage it is inevitable if not his duty that the prosecutor will argue the punishment (State v. Honig, 78 Mo. 249) and to permit the argument of punishment in final argument when not mentioned in the state's opening presentation is not "plain error" (Cr. Rule 27.20(c)) and a manifest abuse of discretion. State v. Feger, Mo., 340 S.W.2d 716, 723.

This is the only point presented by the public defender and since it is not an open question in this court the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.