STATE of Missouri, Plaintiff-Respondent,

v.

Watt DAVIS, Defendant-Appellant.

No. 36902.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 6, 1976.

Motion for Rehearing or Transfer
Denied Aug. 18, 1976.

Application to Transfer Denied
Oct. 12, 1976.

Ira M. Young, St. Louis, for defendant-appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals his conviction for molesting a minor with immoral intent. § 563.160 RSMo 1969. The jury fixed his punishment at two years imprisonment. We reverse.

The female victim was 13-years-old at the time of the incident. The defendant is the victim's natural father, but he was never legally married to the victim's mother. Although the mother had had custody of the victim since early childhood, the defendant usually had custody of the victim every other weekend.

About 4 p. m. on March 2, 1974, the defendant picked up the victim at her mother's house. He drove her to his home to spend the night. The victim went to bed about 11 p. m. About 5 a. m. the next morning, according to the victim, defendant awakened her and forced her to have intercourse with him. Later that morning the defendant drove the victim to church services but he himself did not enter the building. Church services lasted from approximately 9:30 a. m. until 1:30 p. m. After the services the victim approached her mother and said she did not want to return to the defendant's home, but the mother told her to go with the defendant.

Later that afternoon at defendant's home the victim fell asleep. According to the victim's testimony, sometime between 4 and 4:30 p. m. the defendant awakened the victim and attempted to force her into an act of oral copulation. That evening the defendant drove the victim to her mother's home, where she informed her family about these incidents.

On March 4, 1974, a medical examination of the victim found a ruptured hymen. But there was no medical evidence of external injuries or sperm.

The defendant testified and denied any improper conduct toward the victim.

The defendant's first point on appeal is that the trial court erred when it permitted evidence of a crime other than the one charged in the indictment. The indictment charged defendant with molesting a minor on March 3, 1974, by trying to insert his penis into the victim's mouth. During his opening argument the prosecutor informed the jury that he would introduce evidence to show defendant had intercourse with the victim the night before the crime charged in the indictment. Defense counsel objected and moved for a mistrial. The trial court denied the motion for a mistrial, but it sustained the objection and instructed the jury to disregard the prosecutor's remarks. Despite a continuing objection by defense counsel, the trial court thereafter permitted the victim to testify about the intercourse and permitted the introduction of the medical records.

The established rule in Missouri is that proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the crime charged. Evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive (2) intent (3) the absence of mistake or accident (4) the identity of the person charged with the crime (5) a common plan or scheme embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954).

We hold that the evidence of the intercourse is admissible because it has a legitimate tendency to directly establish the defendant's guilt of the crime charged. And specifically it is admissible under exception 5 of *State v. Reese, supra*, in that it is part of a common plan or scheme embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other.

In this case several circumstances point to the existence of such a common plan or

scheme. Both the intercourse and the attempted sodomy occurred when the victim had been sent to spend the weekend with her father. Both acts occurred within a 12-hour period. Both the intercourse and the crime charged took place between defendant and the victim at the defendant's home. Both crimes were sexual in nature. Both crimes occurred just after defendant awakened the victim, presumably because the victim would not be alert after having slept. These circumstances indicate that both sexual assaults resulted from a plan by defendant to exercise control and custody over the victim and make her the target of his sexual excesses. See *State v. Torrence*, 519 S.W.2d 360 (Mo.App.1975); *State v. Shumate*, 478 S.W.2d 328[2–3] (Mo.1972); *State v. Kornegger*, 363 Mo. 968, 255 S.W.2d 765[7–8] (1953).

■ In deciding this point against defendant, we are mindful that the admission into evidence of separate crimes should be subjected to rigid scrutiny, particularly when the crime are those for which there is a human abhorrence. *State v. McElroy*, 518 S.W.2d 459[4–6] (Mo.App.1975). However, in this case we clearly perceive a logical relevancy between the intercourse and the crime charged.

Defendant's second contention is that the trial court committed prejudicial error when it gave the following verdict directing instruction (MAI–CR No. 12.40):

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on March 3, 1974 Margaret Hamilton was 13 years of age, and

"Second, that at that time and in the City of St. Louis, State of Missouri, the defendant in the presence of Margaret Hamilton indulged in a lewd and indecent act by attempting to insert his penis into Margaret Hamilton's mouth, and took lewd and indecent liberties with Margaret Hamilton by inserting his penis in her vagina,

then you will find the defendant guilty of molesting a minor.

"However, if you do not find and believe from the evidence beyond a reasona-

ble doubt each and all of the foregoing, you must find the defendant not guilty of that offense."

■ Defendant maintains this instruction was prejudicially erroneous because it required the jury to determine defendant's guilt not only of the crime charged but also of the intercourse. We find the trial court did commit prejudicial error when it gave this erroneous instruction and we reverse and remand the cause for a new trial.

Rule 24.04 permits offenses based upon two or more acts which are part of the same transaction or two or more acts or transactions which constitute parts of a common scheme or plan to be charged in separate counts in the same indictment or information. Section 563.160, *supra*, and MAI–CR Number 12.40 also appear to contemplate such joinder of offenses. Two specific offenses were submitted in the instruction, molestation of a minor by intercourse with the victim and molestation by attempted oral copulation. Both crimes could have been charged in separate counts in the same indictment. However, the indictment charged only the latter offense. While the instruction given by the trial court would have been correct as to form had the indictment charged both criminal acts, it is here erroneous as submitting a separate crime in addition to the crime for which the defendant had been indicted.

■ The state concedes the verdict directing instruction was broader than the indictment, for the instruction obviously included an additional crime not charged in the indictment. However, even though an instruction is broader in its terms than the charge, the defendant will be denied relief unless the variance is material and prejudicial to his rights. *State v. Collins*, 519 S.W.2d 362[4] (Mo.App.1975).

■ A defendant will be prejudiced if an overbroad instruction misled the jury. *State v. Daegele*, 302 S.W.2d 20, 20–21 (Mo. 1957). In the case here we believe the jury may have been misled in two respects. First, the jury may have been confused about the nature of the crime or crimes

defendant was charged with committing. Here the defendant was charged by the grand jury with child molestation by attempting to insert his penis into the mouth of the victim. During the prosecutor's opening statement the jury was informed they would hear evidence that the defendant had also had intercourse with the victim. But the judge then told the jury to disregard these comments. However, during the trial the victim was permitted to testify about the act of intercourse which occurred 12 hours before the crime charged. We believe this testimony was admissible for the reasons stated heretofore. Finally, the verdict directing instruction required that the jury find that defendant performed both the crime charged and the intercourse before it could convict defendant of child molestation.

Secondly, the erroneous instruction could very possibly have induced the jury to render a greater sentence. To determine guilt under the instruction, the jury had to find defendant committed *two* criminal acts. If the instruction had mirrored the indictment, then the jury would have had to determine only whether defendant was guilty of child molestation. The fact that the jury was required to determine whether defendant had committed two separate reprehensible acts may very well have affected the punishment meted out. The punishments, as given in the verdict directing instruction, ranged from imprisonment for 2–5 years to a fine not to exceed $500. The punishment the jury would have fixed if it had only to find whether the defendant was guilty of child molestation by attempted sodomy may well have been less than the two year imprisonment the jury set after it determined defendant had performed both the attempted sodomy and the intercourse.

The variance between the indictment and the verdict directing instruction also prejudiced the defendant in his trial preparation and trial strategy. After the indictment was handed down, defendant knew he was charged with child molestation by attempting oral sodomy with the victim. During his trial preparation defendant should have

realized that the prosecution would attempt to introduce into evidence (as it successfully did) the separate crime of intercourse with the victim, relying on one or more of the exceptions listed in *State v. Reese, supra.* But the defendant could hardly have foreseen that he would be faced with a verdict director which would set forth the crime charged and the additional crime. The verdict directing instruction indicated that the defendant had been tried for both criminal offenses.

The state contends the verdict directing instruction did not prejudice the defendant. Since the instruction required the jury to find that the defendant had committed the two acts, and not just the one act contained in the indictment, the state says it merely assumed an added burden. We disagree.

The prosecution cites *State v. Daegele, supra,* in support of its "added burden" theory, but the case actually supports the defendant. In *Daegele* the verdict directing instruction submitted in the conjunctive the felonious taking of indecent liberties with the prosecutrix, the endeavor to remove her pants, and the specific act of exposure. The amended information charged the felonious taking of indecent liberties by the exposure but did not allege the endeavor to remove the pants. The evidence in *Daegele* was that the defendant had induced the prosecutrix to enter the defendant's auto and there exposed himself after attempting to remove the pants of the prosecutrix. Both acts occurred during the commission of one crime. The acts of exposing himself and the attempted removal of the victim's pants both occurred during a relatively short period of time during which defendant never lost control over the prosecutrix. The Missouri Supreme Court permitted the conjunctive verdict directing instruction although that instruction was broader than the information, but the court's reasoning is inapplicable to the case at bar. The court explained (at 26):

"We have determined that by the conjunctive submission in Instruction No. 2, the state merely assumed an added burden, and that *the jury was certainly not*

*permitted to convict on anything less or different from that which was charged in the amended information.* The evidence concerning the incident in question went in without objection and the reference complained of in the instruction was not in itself prejudicial . . . *If the jury is not misled* . . . and the state has merely assumed an added burden, the defendant cannot properly complain." (Emphasis added).

We believe the jury in the case before us *was* misled by the overbroad instruction and that the verdict directing instruction contained something different (an added crime) from that which was charged in the indictment. Unlike *Daegele,* the uncharged crime (intercourse) occurred approximately 12 hours prior to the crime alleged in the indictment. During this interval of time, the victim was out of the defendant's presence for several hours and in the custody of her mother. The instruction given in *Daegele* merely specified the details of one crime of child molestation.

■ The verdict directing instruction given in this case alleges two separate crimes committed on separate occasions. The defendant was indicted solely on the charge of child molestation by attempted sodomy and not on a charge of intercourse with a minor. Defendant's alleged intercourse with the victim could have formed the basis of a prosecution for forcible or statutory rape under Section 559.260 RSMo 1969 or incest under Section 563.220 RSMo 1969 as well as a separate count of molestation of a minor. While we have held that *evidence* of the separate criminal act of intercourse is admissible as part of a common plan or scheme, this separate criminal act should not be included in the verdict directing instruction. We believe the defendant cannot be charged with one criminal offense and then have the verdict director allege an additional separate offense. "An instruction in a criminal case can be no broader than the allegations in the indictment or information." *State v. Kyle,* 177 Mo. 659, 76 S.W. 1014, 1015 (1903), *State v. Fennewald,* 339 S.W.2d 769, 774 (Mo.1960).

To summarize, we believe that the verdict director alleged the commission of two crimes although the defendant had been indicted for only one crime. The verdict director's incorporation of a separate crime not charged in the indictment gave undue emphasis to that separate crime and thereby prejudiced the defendant. Evidence of a separate crime may be admissible under one of the five situations noted in *Reese, supra,* but admission of such evidence does not permit the inclusion of the additional crime in the verdict director.

The defendant also contends that the state failed to establish venue. Inasmuch as the case is being reversed and remanded for a new trial, it is unnecessary to discuss this contention.

The judgment is reversed and the case remanded for a new trial.

CLEMENS, P. J., and STEWART, J., concurs.

CLEMENS, Presiding Judge (dissenting).

I dissent.

The majority opinion correctly holds that on this charge of attempted sodomy, evidence of defendant's prior sexual intercourse with the victim was admissible. The majority opinion holds, however, that the trial court erred prejudicially in giving the verdict-directing instruction on attempted sodomy by requiring the jury to further find defendant had sexual intercourse with the victim.

I concede the evidence of this additional crime was harmful to defendant, but requiring the jury to believe that prior act of sexual intercourse, in addition to believing the charged act of attempted sodomy, imposed an additional burden on the state and logically was harmless to defendant.

I would affirm the child molestation conviction.