STATE of Missouri, Respondent,

v.

Bryant E. CUNNINGHAM, Appellant.

No. KCD 29894.

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

**342**

Clifford A. Cohen, Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Richard Thurman, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Defendant Cunningham was convicted after a trial to the court, a jury being waived, of the offense of assault with intent to do great bodily harm with malice. He was sentenced to eight years in the Department of Corrections.

He raises no question of the sufficiency of the evidence to prove an assault with a machete upon his estranged wife, Harrietta,

on August 25, 1976. Neither is any question raised of the sufficiency of the evidence to show all the elements of the offense defined by § 559.180, RSMo 1969, with which the defendant was charged and of which he was convicted. Harrietta received several lacerations on her face, head, fingers, arm and back, and two fractures of the left arm. A machete was described as a knife a little less than three feet long, used "to cut trees or sugar cane or something of that nature."

Defendant's only complaint is that Harrietta was permitted to testify that the defendant had attacked her on June 28 of the same year with the same instrument, at which time she had received injuries for which she was hospitalized four days.[1] The point is disallowed.

This testimony was relevant and therefore admissible on the question of defendant's intent to do great bodily harm and the issue of defendant's malice aforethought. Defendant's own testimony tended to negative those elements. He admitted the attack, although with a butcher knife instead of a machete, but explained that he had gone berserk in a jealous rage when he saw Harrietta in the company of Dickie Harris, with whom he believed she was having an affair. Defendant said he had gone to her house to discuss the return of a ring belonging to him. Defendant also presented some evidence of mental disease or defect excluding responsibility.

The testimony of the earlier crime, against the same victim, tended to show a continuing animus against the victim. It tended to show defendant's malice and his intent to do great bodily harm by the present attack. The rule against allowing proof of other *unrelated* crimes of a defendant has no application in this case. *State v. Bolden*, 494 S.W.2d 61, 65 (Mo.1973).

The judgment is affirmed.

---

1. "The parties have joined issue on the question of admissibility of the evidence, and we have decided the case on the issue. However, the erroneous admission of evidence, which would be prejudicial in a jury trial, will usually be harmless in a court-tried case. *State v. Whaley*, 512 S.W.2d 431, 435 (Mo.App.1974); *State v. Young*, 477 S.W.2d 114, 117 (Mo. 1972)."