STATE of Missouri,
Plaintiff-Respondent,

v.

Jeffrey Scott DALTON,
Defendant-Appellant.

No. 11114.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 21, 1979.

John D. Ashcroft, Atty. Gen., James R. Cumbee, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Dale H. Close, Richland, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Jeffrey Scott Dalton was tried and found guilty by a Greene County jury of two counts of child molestation [§ 563.-160, RSMo 1969] and sentenced to consecutive two and one-half years prison terms. We affirm.

Defendant was baby-sitting with two brothers, K——, age 11, and S——, age 10, at the victims' home. The evidence is uncontroverted that at about midnight the defendant, among other things, fondled the private parts of both boys.

Defendant first contends that the court committed prejudicial error in admitting testimony, from both of the boys, that constituted evidence of another offense of child molestation of each boy separate and distinct from the charged fondling offense. The brothers, during the course of their testimony, did describe certain other indecent, lewd and sordid acts by the defendant.

The general rule in this state is that proof of the commission of a separate crime is not admissible unless it has a legitimate tendency to directly establish the defendant's guilt of the crime for which he is charged. Such evidence is logically relevant when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or the identity of persons charged with the commission of the crime on trial. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954); *State v. Cheesebrew*, 575 S.W.2d 218 (Mo.App.1978).

We hold that the evidence of the other acts, of which defendant complains, was admissible because they had a legitimate tendency to directly establish the defendant's guilt of the fondling charges and fall within the common scheme or plan exception, supra. Several circumstances clearly point to the existence of such a common scheme or plan in this case. Defendant, an adult, had been left in charge of the boys. The fondling of the boys' private parts and the other sordid acts occurred in the victims' home during an approximate one-hour period near midnight, while their mother was away at work and when no one else was present in the house. All of the acts were sexual in nature. These circumstances indicate that all of the sexually related acts, testified to by the brothers, resulted from a scheme or plan by the defendant to exercise control and custody over his wards and to make them the target of his sexual excesses. *State v. Davis*, 540 S.W.2d 122 (Mo.App.1976).

The evidence, of which defendant complains, was also admissible because it formed part of the res gestae of the fondling offenses. These other indecent acts took place at or about the same time as the fondling acts and the evidence thereof was so inseparably connected and interrelated with the fondling charges, that the evidence of the one necessarily tended to show the other. Put another way, the improprieties were not independent but were concomitant, having been perpetrated in the same transaction. Thus, when a defendant in the course of the perpetration of one crime commits another, the state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which he is not on trial, when it forms a part of the res gestae of the crime charged. *State v. Wilson*, 320 S.W.2d 525 (Mo.1959).

Defendant next contends that the testimony of the brothers was inflammatory in nature and did not reasonably tend to prove or disprove any disputed fact at issue because his sanity was the only material issue. The transcript discloses that before

the two boys testified, defendant's counsel stipulated "to the acts of fondling as alleged in this information as to this defendant" and withdrew defendant's not guilty plea but reserved the plea of not guilty by reason of mental disease or defect excluding responsibility.

The state had the burden of proving the defendant's guilt beyond a reasonable doubt. The state had the right to offer, and to have received, evidence which was relevant and material to the defendant's guilt of molesting the minors with immoral intent and the defendant is not entitled to use a stipulation or an admission to "cut-off" the state's right to offer such relevant and material evidence. *State v. Mullen,* 528 S.W.2d 517 (Mo.App.1975); *State v. Townes,* 522 S.W.2d 22 (Mo.App.1974). The testimony of the brothers was relevant and material in proving the state's case. Furthermore, their description of what the defendant did and said were matters for the jury to consider in determining the defendant's plea of not guilty by reason of mental disease or defect excluding responsibility. Defendant's point is denied.

█ Defendant next avers the trial court, at the close of the evidence, should have found, as a matter of law, that the defendant was insane and not capable of committing the criminal act. In support of this contention, the defendant summarizes the testimony of his medical witness and the state's rebuttal medical witness. Defendant's point and argument, in support thereof, overlooks the fact that the resolution of an issue of mental disease or defect excluding responsibility was for the jury. The statute, § 552.030–7, RSMo 1969, provides in part:

> "All persons are presumed to be free of mental disease or defect excluding responsibility for their conduct, . . . . *The issue of whether any person had a mental disease or defect excluding responsibility for his conduct is one for the jury* to decide upon the introduction of substantial evidence of lack of such responsibility. But in the absence of such evidence the presumption shall be conclusive. *Upon the introduction of substantial evidence of lack of such responsibility, the presumption shall not disappear and shall alone be sufficient to take that issue to the jury.*" (Emphasis ours).

Conceding the testimony of the defendant's expert medical witness to be substantial evidence, and even absent contrary evidence, the statute specifically directs the trier of fact to decide this issue because the presumption remains in the case. *State v. Greenhaw,* 553 S.W.2d 318 (Mo.App.1977); *State v. Vansandts,* 540 S.W.2d 192 (Mo. App.1976); *State v. Holmes,* 439 S.W.2d 518 (Mo.1969). Defendant's assignment ignores the statutory presumption as well as the state's rebuttal evidence. The point is denied.

█ We have reviewed the defendant's remaining point and find it to have no merit. The experienced trial judge considered the defendant's objection to the case being prosecuted by a special prosecutor, appointed by the court, because the special prosecutor had allegedly been assisted in the preparation for trial by a disqualified assistant prosecuting attorney [1] or by another assistant prosecuting attorney. The judge interrogated the special prosecutor and the two assistant prosecuting attorneys and denied the defendant's motion to disqualify the special prosecutor. We find no abuse of discretion in the trial court's ruling.

The judgment is affirmed.

All concur.

---

1. Attorney Cummings had been appointed to represent the defendant earlier in the proceedings and had been permitted to withdraw as counsel. Attorney Cummings then joined the Prosecuting Attorney's office as an assistant. The court thereafter, appointed Attorney Bender as special prosecutor.