STATE of Missouri, Respondent,

v.

Keith YOUNG, Appellant.

No. 44829.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 21, 1982.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1982.

Application to Transfer Denied Jan. 17, 1983.

Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged defendant Keith Stanley Young as a persistent offender with rape, sodomy and felonious restraint. Pursuant to guilty verdicts the court sentenced defendant to concurrent 25 year sentences for rape and sodomy and an additional four years for felonious restraint.

Here, defendant raises four challenges to his conviction: First, blacks were underrepresented in the pool of grand jurors; second, error in denying his challenge to a venireman whose female relatives had been raped; third, admitting the testimony of two other young women whom defendant had sexually assaulted recently in the same manner prosecutrix described; fourth, duplicity in submitting the charge of felonious restraint.

The 17 year old victim testified: While she waited for a bus defendant drove up and forced her into his car at gun point. He drove to a parking lot and stopped with the passenger side of his car so close to another parked car that the victim could not open the door; still threatening the victim with the gun he forcibly raped and sodomized her. Defendant then drove off and let the victim out of his car several blocks away. She took down his license number and reported the attack to police. A prompt physical examination showed semen in her vagina. The victim identified defendant both at a police lineup and in court.

Defendant presented alibi witnesses but did not testify.

■ By defendant's initial point he challenges his conviction on the ground members of the grand jury were racially imbalanced. The patent fallacy of this is that he was tried on the prosecutor's information, not on a grand jury indictment. Point denied.

■ Defendant's second point is the denial of his challenge to venireman Scannell who said two of his cousins had been raped several years before. He denied these events would affect him in this trial and said he would be fair to both sides. He added he would not draw any conclusions from defendant's failure to testify.

We have considered defendant's cited cases; all show stronger feelings of partiality. A trial court is in a better position than we are to decide a prospective juror's fitness, *State v. Cheesebrew*, 575 S.W.2d 218 [1, 2] (Mo.App.1978), and we affirm here absent a clear showing of abuse. Compare *State v. Olinghouse*, 605 S.W.2d 58 [14] (Mo. banc 1980).

Second point denied and we go to defendant's challenge to the testimony of two other young women. Each identified defendant and his car and testified he had recently attacked them sexually. This by forcing them into his car at gun-point, parking it so near another car they could not escape and then sexually assaulting them similarly to that told by the prosecutrix.

■ Defendant contends allowing this testimony violated the ban on showing other unrelated crimes. But an exception to

this rule is made when "two or more crimes [are] so related to each other that proof of one tends to establish the other". *State v. Williams,* 602 S.W.2d 209 [1–3] (Mo.App. 1980). A prior similar crime may be shown to establish a defendant's common scheme. *State v. Connor,* 585 S.W.2d 294 [4, 5] (Mo. App.1979).

We hold the challenged testimony was admissible under the cited authorities.

■ By defendant's last point he contends the court erred by instructing on felonious restraint. This, defendant argues, because the restraint was part and parcel of the charged rape and sodomy. Not so. Defendant feloniously restrained the victim when he forced her at gun-point to enter his car. After the rape and sodomy defendant, still armed, drove several blocks before letting the victim out of his car; thus, defendant doubly restrained her.

Submission of separate felonious restraint charges have been upheld in similar cases. See *State v. Stewart,* 615 S.W.2d 600 [2] (Mo.App.1981) and *State v. Holmes,* 622 S.W.2d 358 [1] (Mo.App.1981).

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.