**STATE of Missouri, Plaintiff-Respondent,**

v.

**Scott Jubal KOSTER, Defendant-Appellant.**

No. 47831.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied Feb. 26, 1985.

---

Mark G. Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Defendant was found guilty by a jury of two counts of deviate sexual assault in the first degree, § 566.070, RSMo 1978, and one count of sexual assault in the first degree, § 566.040, RSMo 1978. Sentenced to five years in prison on two of the counts and one year on the third, all sentences to

run concurrently, defendant appeals. We affirm.

Defendant does not challenge the sufficiency of the evidence to support the findings of the jury; we, therefore, set forth the facts in abbreviated form. Defendant and his wife were employed as house parents at the Jefferson County Juvenile Detention Center where the fifteen-year-old prosecutrix was confined in connection with her drug abuse on several occasions during the months of October and November 1981 and February 1982. On October 28, 1981, defendant's wife was away from the center. Having determined that the prosecutrix liked to smoke cigarettes, which practice violated the institutional rules, defendant locked the male inmates in their rooms, delivered breakfast to the prosecutrix in her room, and provided her with a cigarette. After she smoked it, defendant asked her what she was going to do for him to show that she would not tell about the cigarette. He asked her to take off her clothes and lie on the bed; she complied. Although she refused to consent to physical contact, defendant spread the girl's legs and put his mouth on her vagina. Defendant then removed his trousers and inserted his penis into her vagina. Later in the day, defendant gave her another cigarette.

Shortly after Christmas of 1981, defendant's wife telephoned the prosecutrix and invited her to visit the center, saying that she had a present for the prosecutrix. She was told that defendant would take her home. After visiting with defendant and his wife, the girl, accompanied by defendant, left in defendant's automobile. Instead of taking the girl to her home, defendant took her to the unoccupied home of his grandfather. There, he asked her to disrobe, and she did. Another act of deviate sexual assault followed.

In his first point on appeal, defendant complains that the trial court erred in allowing three girls other than the prosecutrix to testify regarding sexual advances made to them by defendant while they were inmates at the Juvenile Detention Center in Jefferson County. We disagree.

We recognize the general rule in Missouri that evidence of separate crimes in which the defendant allegedly was a participant is not admissible, unless this evidence directly relates to the defendant's guilt in the crime charged. *State v. Davis*, 540 S.W.2d 122, 123 (Mo.App.1976). Evidence of other crimes is admissible, however, to prove the crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) the identity of the person charged with the crime; or (5) a common plan or scheme of two or more crimes so related to each other that proof of one tends to establish the other. *State v. Davis*, supra. See also *State v. Young*, 661 S.W.2d 637, 639–40 (Mo.App.1983); *State v. Young*, 643 S.W.2d 28 (Mo.App.1982); *State v. Dalton*, 587 S.W.2d 644, 645 (Mo.App.1979).

As in *State v. Dalton*, supra, a number of circumstances appear in this case which indicate that all of the sexual encounters "resulted from a scheme or plan by the defendant to exercise control and custody over his wards and to make them the target of his sexual excesses." The prosecutrix and the three other girls were all approximately fifteen years old; they were all inmates at the detention center and were under the supervision and control of defendant. They testified that sexual encounters were initiated by defendant when they were alone with him at the detention center. All of these incidents occurred either in late 1981 or early 1982. The girls all testified that defendant offered them special privileges, such as smoking, making personal long distance telephone calls, or watching television after normal hours, if they would engage in sexual activities with him. There was also consistent testimony that defendant threatened these girls with reprisals in various forms if they told anyone about the sexual activities.

In addition, evidence of other crimes is properly admitted on the issue of the identity of the defendant when the similarity of methodology links them to the

defendant. In both *State v. McDaniels,* 668 S.W.2d 230, 232 (Mo.App.1984) and *State v. Young,* 661 S.W.2d 637, 639 (Mo. App.1983), this Court acknowledged the general rule that in prosecutions for sexual crimes the defendant's propensity for illicit sexual contact with the prosecuting witness may be shown, but evidence of similar conduct with others is inadmissible for the sole purpose of demonstrating the defendant's propensities. But, in each case, the Court, quoting McCormick on Evidence, § 190, pp. 449–50 (2d ed. 1972), held such evidence was properly admitted:

> (T)o prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature.

■ In the instant case, the defendant's approach to each of the young girls was, indeed, as "distinctive as to be like a signature," and the evidence was properly admitted.

■ In his final point, defendant claims that it was plain error to allow the State to elicit evidence and later to comment in argument concerning defendant's silence when he was initially confronted with the accusations of the prosecutrix. No objections were made at trial, and it is apparently defendant's position that the trial court should have intervened on its own motion. Defendant premises the point on his claim that the "record reveals a hopeless ambiguity" as to whether defendant's silence was induced by the *Miranda* warnings or constituted a tacit admission of guilt. We have examined the record and find no such ambiguity.

The confrontation occurred at a meeting convened by Betty Seely, Chief Juvenile Officer of Jefferson County, in her office on March 2, 1982. Present at the meeting, in addition to defendant and Mrs. Seely, were Deputy Juvenile Officers Alderson and Baumstark, and Sergeant Barry Gregory of the Jefferson County Sheriff's office. Defendant was not under arrest or in custody when the meeting commenced. At the outset, Mrs. Seely informed defendant that she had received information concerning sexual misconduct between defendant and the prosecutrix and that his employment was therefore terminated. Defendant did not deny the charges, but asked for specifics. As these were supplied, he simply acknowledged that he understood them, but did not deny them. Thereafter, Sergeant Gregory read defendant his *Miranda* rights, and defendant stated that he wished to consult a lawyer. The meeting was immediately concluded. It was the pre-*Miranda* silence which was placed before the jury.[1]

In support of his position on this point, defendant relies upon such cases as *State v. Nolan,* 595 S.W.2d 54 (Mo.App.1980); *State v. Pogue,* 563 S.W.2d 544 (Mo.App. 1978); and *State v. Stuart,* 456 S.W.2d 19 (Mo. banc 1970). We find these cases inapposite for the reason that each involved silence of a defendant after he was in custody or after he had been advised of his *Miranda* rights. Such was not the case here. Defendant was informed of the accusations by his supervisor in terms of reasons for his dismissal. The meeting was not an interrogation session, but the performance by Mrs. Seely of a function of her office in a personnel matter. "It is

---

1. According to defendant's own testimony, Sergeant Gregory was not present when Mrs. Seely confronted him with the accusations, but rather that Gregory arrived some fifteen minutes later. In defendant's words:

> So he [Gregory] came in and he wanted to ask me a bunch of questions and I said, "I want to know what I'm being charged with, first of all." And he said, "Didn't Betty Seeley tell you?" And I said, "Just allegations." He said,

> "I'll read you your rights then." And he read them off and he asked me if I understood them all and I said, "Yes, sir." And he pulled out a pad of paper and attempted to start—he was going to ask me some questions and I said, "Would you skip back to the one where I would wish to remain silent until I've spoken to that lawyer?" And with that, he got kind of mad and he slapped his little book and left.

clear in Missouri that the silence of an accused when not under arrest and in circumstances such that only a guilty party would remain silent, is admissible as being in the nature of an admission against interest." *State v. Peebles*, 569 S.W.2d 1, 2 (Mo.App.1978). Such was the case here; defendant's failure to deny the truth of the reasons for his dismissal was properly placed before the jury.

Affirmed.

SIMON, P.J., and STEWART, J., concur.