**STATE of Missouri, Respondent,**

v.

**Paul SHIELDS, Appellant.**

**No. 50238.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 20, 1986.

Mary E. Dockery, Clayton, for appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction, by a jury, of felonious restraint, burglary in the first degree, and assault in the second degree for which he was sentenced by the court as a prior and persistent offender, to concurrent terms of twelve years' imprisonment on each conviction. We affirm.

The sufficiency of the evidence is not challenged. The charge of felonious restraint arose when defendant broke into the home of victim (defendant's ex-wife) on July 23, 1984 and forced her to get dressed, get their two children, and come with him. They drove around for approximately five hours, going as far as Warrenton, Missouri, before victim was released.

On August 20, 1984, defendant broke down the basement door, carrying a stick with which he hit victim several times. He also hit victim's mother across her back. Defendant dragged victim out of the house, and pushed her over the fence. A neighbor intervened, and helped victim back across the fence. This neighbor chased defendant, who ran to his truck, and then allegedly fired a gunshot at the neighbor. This incident resulted in charges of first degree burglary, assault in the second degree against victim's mother, and assault in the first degree against the neighbor.

Defendant was tried on six charges. He was convicted of the felonious restraint of victim committed on July 23, 1984, and of burglary in the first degree and assault in the second degree of victim, committed on August 20, 1984. He was acquitted, however, of the charges of assault of victim's mother and the neighbor, and of a burglary of victim's home alleged to have occurred August 16, 1984.

Defendant raises two points on appeal. In his first point, he claims the court erred in overruling his challenge for cause to Venirewoman Beier, who had an experience seventeen years before the trial when her husband's ex-wife forced her way into their home and attacked her. The venirewoman had not seen the ex-wife for approximately ten years. She consistently maintained she could give both sides in the case a fair trial under the evidence presented in court and the instructions given by the court, and would follow the court's instructions. Under defense counsel's questioning, she stated she could separate her experiences from the case at bar, that "[i]t has nothing to do with what's going on here today." Defendant's motion to strike was overruled.

■ While defendant is entitled to a full panel of qualified jurors from which to make his preemptory strikes, *State v. Hopkins*, 687 S.W.2d 188, 190[1] (Mo. banc 1985), decisions concerning a juror's qualifications are consigned to the trial court's discretion and will only be reversed for a

clear abuse of that discretion. *State v. Johns,* 679 S.W.2d 253, 263 (Mo. banc 1984). The venirewoman did not equivocate or waiver in her answers to the questions propounded on voir dire. She insisted the experience would not effect her, and this insistence was reinforced by the amount of time which passed between her experience and the trial. We can find no abuse of discretion in this case. *State v. Clark,* 671 S.W.2d 374, 375[3] (Mo.App. 1984).

In his other point on appeal, defendant challenges the admission of evidence he attacked victim at her place of employment, blackening her eye, one week before the incident of July 23, 1984. It is claimed this was an admission of another, uncharged crime, which is, in general, prohibited. *State v. Koster,* 684 S.W.2d 488, 490[1] (Mo.App.1984).

▪ Evidence of other crimes is admissible when it tends to prove *inter alia,* intent. *Id.* at [2]. Here, the evidence of a prior attack upon victim by defendant tended to show his animus towards her and his intent to harm victim. It was related to the crimes defendant was charged and the court did not err in admitting the evidence. *State v. Cunningham,* 578 S.W.2d 341, 342 (Mo.App.1979).

Judgment affirmed.

DOWD, C.J., and REINHARD, J., concurs.