STATE of Missouri, Plaintiff-Respondent,

v.

Pleasant Jasper HURST, Defendant-Appellant.

No. 50800.

Missouri Court of Appeals, Eastern District, Division Five.

June 2, 1987.

Motion for Rehearing and/or Transfer Denied July 2, 1987.

John Zimmerman, Public Defender, Lia M. Nower, Asst. Public Defender, St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Appellant Pleasant Jasper Hurst, Jr., was convicted of two counts of sodomy under § 566.060(3), RSMo.Cum.Supp. 1984, after trial by jury. He appeals, claiming the trial court erred (1) in admitting evidence concerning prior uncharged misconduct, (2) in failing to grant a mistrial when a state's witness volunteered hearsay evidence regarding prior uncharged misconduct and (3) by not qualifying the complaining witness, a child.[1]

The complaining witness, appellant's second cousin, was seven years old when the alleged acts of sodomy occurred. She testified at trial that on several occasions when appellant was babysitting for her he entered her room, awakened her and put his finger in her vagina while forcing her to manually stimulate him.

Appellant's first point on appeal alleges trial court error in denying his motion in limine seeking to exclude evidence of uncharged sexual misconduct with other children and in overruling his objections to such testimony. In arguing the motion in limine the prosecuting attorney told the court he intended to call two children who would testify appellant had sexually abused them in the same manner in which he had mistreated the victim of the charged offense. Because each instance had allegedly occurred while appellant was babysitting the children, and because of the similarity of the sexual acts, the prosecuting attorney argued that such testimony was admissible to show a common scheme or plan.

We find no error in the denial of the pre-trial motion at that stage of the proceedings in view of the proposed evidence the prosecuting attorney indicated he would produce. Evidence of similar acts of sexual misconduct performed under such similar circumstances that proof of one tends to establish proof of another, has been consistently held admissible as falling within the common scheme or plan exception to the rule against evidence of other crimes. *See, e.g., State v. Smith,* 694 S.W.2d 901, 902 (Mo.App. 1985); *State v. Koster,* 684 S.W.2d 488, 491 (Mo.App.1984); *State v. Applegate,* 668 S.W.2d 624, 634 (Mo.App.1984); *State v. Young,* 643 S.W.2d 28, 29–30 (Mo.App.1982).

Despite the court's denial of the motion in limine, the prosecuting attorney did not

---

1. Plaintiff's third contention, challenging the constitutionality of § 491.060(2), RSMo.Supp. (1985), has been ruled adversely to his position in *State v. Williams,* 729 S.W.2d 197 (Mo. banc 1987).

offer the testimony of the other children. The only evidence in the state's case regarding any alleged misconduct on the part of appellant with children other than the victim, was an unresponsive, volunteered statement of a witness regarding what another child had said. Appellant's objection to this statement was sustained but his motion for mistrial was denied. No additional reference to any uncharged misconduct by appellant was made during the state's evidence.

■ However, after appellant had denied on direct examination the commission of the charged offense, the first question on cross-examination was "did you ever do anything to anybody else?" Appellant answered "No, I haven't." The cross-examination continued for thirty-two pages of the transcript most of which concerned detailed accusations of sexual misconduct between appellant and three small children other than the victim of the charged offense. Appellant's counsel made strenuous and repeated objections which were overruled. The prosecuting attorney was permitted to ask appellant if he had ever done numerous specifically detailed acts to these three other children. Over and over defendant denied each accusation. The prosecutor was then permitted, again over objection, to read a lengthy statement given by the appellant after his arrest. The statement consisted of accusations made against appellant by other persons and his consistent denial of any involvement in sexual misconduct. The state did not offer any evidence to rebut appellant's denial.

On appeal the state attempts to justify this highly inflammatory cross-examination by arguing merely that evidence of uncharged crimes is admissible to show a common scheme or plan embracing other crimes so related that proof of one tends to establish the other. As noted above, we agree with this abstract proposition. The fallacy in the state's argument is that no *evidence* of other crimes was offered, merely unsupported accusations based totally upon hearsay. Appellant's denial of these accusations, both under police interrogation and under cross-examination, was persistent and consistent. Nevertheless, the prosecuting attorney was permitted to ask question after question in such specific detail as to clearly imply that he had information of facts never introduced in evidence. Negative responses are an inadequate antidote for the poison inherent in such unfounded questioning.

In *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979) a single question asked of a defendant about a prior criminal act referring to a specific time and place compelled the Supreme Court unanimously to reverse a conviction.

"A general question of whether the witness has ever committed a crime may have little effect on a jury. Where, however, the question contains detailed information such as date, location, victim or nature of the crime, the jury must, as reasonable persons, conclude that the question is based upon information known to the questioner. A negative answer can have little or no effect on this basic conclusion, and a jury is inevitably left with a belief that the witness has committed the inquired of crime, and is a person of bad character. This is true whether the question has support in fact or not."

*Id.* at 651. *See also State v. Pierce*, 595 S.W.2d 748 (Mo.App. 1980).

In both *Dunn* and *Pierce* it is clearly elucidated that the evil is not the introduction of evidence relating to the commission of other crimes tending to prove the common scheme or plan or another exception to the general rule, it is the introduction of such collateral matter by questions addressed to the defendant on cross-examination which is forbidden. *Dunn* at 652–53; *Pierce* at 752.

In *State v. Alexander*, 706 S.W.2d 21 (Mo.banc 1986) the Supreme Court again found questioning a defendant about prior misconduct to be improper. The court emphasized two significant distinctions between *Alexander* and *Dunn*. In the former, the objection was sustained and the jury immediately instructed to disregard the question. In *Dunn* the objection was overruled. In *Alexander*, the single ques-

tion contained no details of the prior misconduct. In *Dunn* the question included a specific act, time and place of the occurrence. Because of prompt curative action by the trial court and the absence of specificity in the question, the *Alexander* court concluded whatever prejudice may have been caused by the improper question was insufficient to warrant a finding of abuse of discretion in the denial of the motion for mistrial. A similar conclusion based upon similar reasoning was reached in *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985).

The instant case, in stark contrast to all the cases cited above, involves not just one question about one prior act of misconduct, but page after page of questions about numerous alleged acts. Rather than the simple reference to time and place found prejudicial in *Dunn*, the cross-examination here specifically referred to acts involving three named children, describing the alleged acts in meticulous detail. Most importantly, here the trial court put its stamp of approval upon such trial by implication by overruling the repeated objections of appellant's attorney. The elicitation from a defendant of denials that he committed specifically detailed uncharged crimes which are totally unsupported by any evidence is so inherently prejudicial as to deprive the defendant of a fair trial. It is a tactic which has no place in our system of justice. *See State v. Pierce*, 595 S.W.2d at 752.

The judgment is reversed and the cause remanded for a new trial.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.