William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

**Kamal RASHEED, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53269.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1988.

CRIST, Judge.

Movant appeals on double jeopardy grounds the denial of his Rule 27.26 motion without an evidentiary hearing. Movant pled guilty to forcible rape, § 566.030, RSMo 1986, and felonious restraint, § 565.120, RSMo 1986, for which he was sentenced to consecutive jail terms of eighteen years and two years, respectively. We affirm.

Movant, who was armed with a pair of scissors, grabbed victim and pulled her into an alley. They struggled and movant struck victim about the head and face. Victim managed to break away. Movant grabbed her and pulled her back into the alley where he raped her. The police arrived while movant was still on top of victim.

Forcible rape is "sexual intercourse ... without ... consent by the use of forcible

compulsion." § 566.030.1, RSMo 1986. Felonious restraint is the knowing restraint of another "so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury." § 565.120, RSMo 1986. Movant claims forcible rape necessarily involved felonious restraint and thus, the convictions for both constitute double jeopardy.

Missouri follows the separate or several offense approach to the issue of double jeopardy, thus on the same set of facts there can be several convictions if there has been, in law and in fact, separate crimes. *State v. Jackson*, 703 S.W.2d 30, 33[4] (Mo.App.1985). The determination of whether there were distinct offenses is made on the facts of each case. *State v. Henderson*, 669 S.W.2d 573, 575[1] (Mo. App.1984). When movant pulled victim into the alley the first time, her liberty was interfered with and she was exposed to a substantial risk of serious physical injury. When movant pulled victim back into the alley after she had broken away, he raped her by the use of forcible compulsion. There were two separate crimes. The facts necessary to prove each crime were different. There is no double jeopardy. *See e.g. Jackson*, 703 S.W.2d at 33[4] (moving victim to an abandoned building and then raping her supports convictions for both kidnapping and rape); *State v. Young*, 643 S.W.2d 28, 30[5] (Mo.App.1982) (evidence that defendant forced victim into a car and drove her around after raping her support convictions for both rape and felonious restraint as there were two restraints); and *State v. Holmes*, 622 S.W.2d 358, 360[1] (Mo.App.1981) (forcing victim into a car at gunpoint, robbing him, threatening him again with the gun, and then driving victim several blocks before releasing him supports convictions for both felonious restraint and robbery). Movant seeks to distinguish *Young* and *Holmes* on the ground the second restraints in those cases occurred after the other crime and therefore were not incidental to it. Movant argues "the only substantial interference with [victim's] liberty and exposure to risk was

connected with the forcible rape" because she was only restrained before the rape. Movant's argument must fail. Victim got away from movant; he restrained her twice. The first restraint supports the conviction for felonious restraint and the second the forcible rape.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.