**488**

STATE of Missouri, Respondent,

v.

Curley ADAMS, Appellant.

No. WD 39725.

Missouri Court of Appeals,
Western District.

March 15, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1988.

Application to Transfer Denied
June 14, 1988.

Randall D. Crawford, Kansas City, for
appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

LOWENSTEIN, Presiding Judge.

The appellant Curley Adams was jury convicted of second degree assault and armed criminal action for which he received consecutive sentences of seven and five years.

The sufficiency of the evidence to support the judgment is not in issue on appeal. Adams had been living in the apartment of the victim, Jessalyn Thomas. About a month after she ordered him to leave, he returned very early one morning and demanded to be let in. The victim thought he was drunk—after an altercation at the door he told her he should have killed her "a long time ago," he then shot her in the hand and in the upper part of each thigh. Adams was seen running from the scene and was soon picked up by the police. He testified he had spurned her as a lover and was returning to Thomas' apartment to pick up a pair of his shoes when two men burst past him and shot the victim, he then became frightened and ran.

■ His first point raises the question of reversible error in the admission of testimony of the victim and a witness of previous rather graphic death threats he had made to Thomas. Adams states this testimony amounted to evidence of other crimes. His argument is not well taken. Evidence of other crimes is admissible when it tends to prove intent. *State v. Shields*, 709 S.W.2d 556, 558 (Mo.App. 1986). The testimony of prior threats made to the victim were not remote in time from the attack, and were relevant to show continuing animus toward the victim. *State v. Wright*, 735 S.W.2d 137, 140 (Mo. App.1987); *State v. Cunningham*, 578 S.W.2d 341, 342 (Mo.App.1979).

The other point on appeal concerns the admission of photographic evidence.

■ Photographs of the victim's apartment taken after the shooting were admitted at the case. Each of the color photo-

graphs show a large amount of red substance on the floor and a bed which was bloody from the victim's gunshot wounds. The defendant Adams admitted in his opening statement Thomas had been shot, but not by him. The defendant claims this evidence was highly prejudicial and unfair and inflamed the jury. The pictures were accurate portrayals of the crime scene, and being graphic tended to be inflammatory. Their admission in evidence should not under the circumstances be rejected solely because of being so graphic. *State v. Holmes,* 609 S.W.2d 132, 136 (Mo. banc 1980); *State v. Curry,* 714 S.W.2d 798, 800 (Mo.App.1986). Any incriminating evidence is by definition prejudicial, but so long as the evidence is relevant its admission is for the trial court's discretion. *State v. Shaw,* 636 S.W.2d 667, 672 (Mo. banc 1982). The discretion accorded the trial judge in the admission of evidence has not been abused in this case. *Holmes, supra,* at 136; *Curry, supra,* at 800.

The judgment is affirmed.

All concur.