**STATE of Missouri, Respondent,**

v.

**Ricardo RUSAN, Appellant.**

**Ricardo RUSAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 55287, 56935.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 20, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
April 20, 1990.

Application to Transfer Denied
June 19, 1990.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

This is a consolidated appeal after jury trial and conviction on the charge of burglary in the first degree, § 569.160 RSMo 1986, and dismissal of motion for post-conviction relief, Rule 29.15. Defendant was charged and sentenced to serve fifteen years as a prior and persistent offender.

The amended information charged defendant knowingly entered an inhabitable structure for the purpose of stealing therein at a time when there was present in the structure a non-participant in the crime. The proof was from eyewitnesses and defendant's own testimony. At 7:30 p.m. on the day in question an occupant of the house heard noises coming from the first floor. He summoned the police. A detective saw defendant leave by the front door. A kitchen window at the back of the house had been broken and a single set of foot prints in the snow led up to the window through the back yard. When detained and questioned defendant claimed to be Ricardo Jones. He also falsely claimed to be a teenager. He told the police officer he came to the house to see the owner about shoveling snow. He never talked to the occupant.

Defendant subsequently admitted to police officers that he broke into houses in order to support a narcotic habit. He testified in defense of the charge. He admitted he initially gave officers the name Carlos Jones, a false name. He admitted lying about his age, his residence and his presence in the house. He admitted entering the house through the kitchen window. The defense part of the testimony consisted of a statement that he entered the house in order to sleep. The jury was required to find he entered the house for the purpose of stealing, a conclusion well supported by the evidence.

■ We first dispose of defendant's motion for post-conviction relief. The motion court dismissed the Rule 29.15 motion for lack of jurisdiction. Under the rule the motion was due no later than December 15, 1988. It was filed with the clerk of the court on December 22, 1988. The motion court did not err in dismissing the motion for lack of jurisdiction. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

■ The first of two claims of error on direct appeal alleges reversible error in allowing the state to make repeated references to defendant's use of "aliases." Defendant argues the references were unfounded. The evidence supports a finding that he gave one alias to the police officers as his name at the time of arrest and he testified to use of another name at the time

of arrest. There was also evidence that he told the officers he had used another name in the state of Texas. Whether the reference to a defendant's use of alias names is prejudicial error is a matter to be determined on a case by case basis, taking into consideration the totality of the circumstances. *State v. Berry*, 679 S.W.2d 868, 874 (Mo.App.1984). In view of the evidence of the use of at least three aliases we find no error in a determination of the trial court that no prejudice occurred as a matter of preserved error or plain error.

■ At trial defendant filed a motion for new trial claiming error because during voir dire the prosecution mentioned defendant's use of aliases. He has expanded that argument before this court and claimed it was also error to allow the state to mention the aliases during cross-examination of defendant. In the absence of objection at trial the questions and answers directed to and given by defendant are not matters of preserved error. *State v. Cannady*, 660 S.W.2d 33, 37 (Mo.App.1983). There were no timely objections during cross-examination. Under the circumstances of the charge, the nature of the proof, and the admitted use of other names we find no error, plain or otherwise, in referring to defendant's use of other names.

■ Defendant claims the trial court committed reversible error in allowing cross-examination questions of defendant about an unproven prior conviction in Texas. Eliciting from a defendant denials of the commission of specifically detailed uncharged crimes, if totally unsupported by any evidence, is inherently prejudicial. *State v. Hurst*, 732 S.W.2d 206, 209 (Mo. App.1987). In *Hurst* there were strenuous and repeated objections. However, in the present case the question was directed to a previous conviction and this issue was not preserved by a timely objection and is reviewable only as plain error. *State v. Cannady*, 660 S.W.2d 33, 37 (Mo.App.1982). "The prosecutor may elicit the general nature of each crime, as well as the places and dates of the occurrences, and the resulting sentences." *State v. Arney*, 731 S.W.2d 36, 38 (Mo.App.1987). The questions of the circuit attorney were general as to the nature of a conviction in Texas, the date of the crime, the offense charged, a guilty plea, and a sentence imposed. Defendant denied ever being in Texas and denied the conviction. We find no error, plain or otherwise.

We affirm the judgment and sentence and the dismissal of defendant's Rule 29.15 motion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.