**STATE of Missouri, Respondent,**

v.

**Gregory HILL, Appellant.**

**Gregory HILL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56972, 58913.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1991.

Application to Transfer Denied
Nov. 19, 1991.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Gregory Hill, appeals from his convictions, after a jury trial, of two counts of forcible rape, two counts of forcible sodomy, one count of robbery in the second degree and one count of felonious restraint. He was sentenced as a prior, persistent and class X offender to life imprisonment plus consecutive terms of imprisonment totalling 50 years. Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Defendant was tried jointly with his brother and codefendant, James Hill. James Hill was convicted of two counts of forcible rape, two counts of forcible sodomy, one count of robbery in the second degree, and one count of felonious restraint. Those convictions were affirmed in *State v. Hill*, 808 S.W.2d 882 (Mo.App. 1991). The details of the sordid and brutal crimes committed by defendant and his brother are set forth at length in that opinion and need not be repeated herein.

Clearly, there was substantial evidence in the record to support the convictions.

Initially we consider defendant's direct appeal. Defendant first claims that the trial court erred in overruling his motion to quash the jury panel under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and in finding that the prosecutor's explanations for using nine of twelve peremptory strikes to remove blacks from the venire panel were race-neutral. That precise point was carefully considered and denied in James Hill's appeal. *See Hill*, 808 S.W.2d at 889–890. Defendant's first point is denied.[1]

Defendant's second point is that the trial court erred in overruling his motion for a mistrial during the closing argument of the prosecutor. That precise point was raised and denied in James Hill's appeal. *See Hill*, 808 S.W.2d at 887. It is likewise denied here.

Defendant's third point contends that the trial court erred in submitting a verdict directing instruction for the crime of felonious restraint, because the instruction subjected defendant to double jeopardy or, in the alternative, failed to specify the exact acts or conduct that constituted felonious restraint. We note that defendant's point is not preserved for appellate review because of his failure to raise it in his motion for new trial. Rule 29.11(d). Our review is therefore for plain error. Rule 30.20.

Defendant claims he was subjected to double jeopardy because the acts of "forcible compulsion" used to convict him of felonious restraint could only have been the same acts used to accomplish either the charged sex offenses or the robbery.

In Missouri, there can be several convictions from the same set of facts, if in fact and law, separate crimes were committed. *Rasheed v. State*, 744 S.W.2d 836, 837 (Mo.App.1988). More than one offense is committed if each offense requires proof of an essential element or fact not required by

---

1. The prosecutor used nine of his twelve peremptory strikes in this case to remove blacks from the jury panel; he gave an explanation on the record for each of these strikes. Defendants, Gregory Hill and James Hill, on the other hand, used three of their peremptory strikes to remove blacks; the defendants did not give any explanation for those strikes.

another. *State v. Bolen*, 731 S.W.2d 453, 458 (Mo.App.1987).

A review of the elements of each offense shows that felonious restraint requires proof of facts not required to prove rape, sodomy or robbery and that rape, sodomy and robbery require proof of facts not necessary to prove felonious restraint. Sections 565.120, 566.030, 566.060, 569.030, RSMo (1986). Defendant was not subjected to double jeopardy by submitting the instruction.

Defendant argues, in the alternative, that the instruction was improper because it failed to specify the exact acts or conduct which constituted felonious restraint. The instruction followed MAI–CR 3d format. MAI–CR 3d 319.26. If defendant wanted the instruction to be more specific, he could have requested it. We have reviewed for plain error and find no error, plain or otherwise. Defendant's point is denied.

Defendant's fourth point is that the trial court erred in imposing consecutive sentences because it mistakenly believed that Section 558.026, RSMo (1986) mandates consecutive sentences. Defendant contends that the statute does not require consecutive sentences for multiple convictions of sex offenses when committed at the same time as nonsex offenses.

If a defendant's convictions consist of sex offenses only, the trial court has discretion to run the sentences concurrently. *State v. Burgess*, 800 S.W.2d 743, 744 (Mo. banc 1990); *Williams v. State*, 800 S.W.2d 739 (Mo. banc 1990).

The present case, however, involves not only sex crimes but robbery and felonious restraint. The sentences for the multiple sex offenses must run consecutively when committed at the same time as the nonsex offenses. *State v. Hamilton*, 791 S.W.2d 789, 800 (Mo.App.1990); *State v. Bland*, 757 S.W.2d 242, 246 (Mo.App. 1988). Under the statute, the trial court did have the option to order the sentences for the nonsex crimes to run either concurrent with or consecutive to each other. Here, the sentencing judge ordered that all the sentences run consecutively without any express reference to the statute. We presume that he construed the statute properly. There is nothing in the record to indicate he felt compelled by law to impose consecutive sentences for the nonsex crimes. Defendant's fourth point is denied.

Finally, we consider defendant's appeal from the denial of his motion for post conviction relief under Rule 29.15. We have carefully reviewed the judgment of the trial court and find that it is based on findings of fact that are not clearly erroneous; no error of law appears. An opinion on that appeal would have no precedential value. Those points are summarily denied. Rule 84.16(b).

The judgment of the trial court on direct appeal and the judgment of the motion court on defendant's Rule 29.15 motion are affirmed.[2]

GRIMM, P.J., and SATZ, J., concur.

---

**2.** Defendant's motion requesting this court take judicial notice of certain records on appeal in other cases is denied.